**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4361

LARRY STEVEN NEFF,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, District Judge.
(CR-96-184-F)

Submitted: February 27, 1998

Decided: March 18, 1998

Before MURNAGHAN and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, Gordon Widenhouse,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne M.
Hayes, Assistant United States Attorney, Captain Christine Helms,
Special Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Larry S. Neff appeals his conviction for driving an automobile while under the influence of an impairing substance on an area within the special maritime and territorial jurisdiction of the United States and within the Eastern District of North Carolina, in violation of 18 U.S.C.A. § 13 (West Supp. 1997) (adopting state laws for areas within Federal jurisdiction), assimilating N.C. Gen. Stat. § 20-138.1 (1997) (impaired driving). On appeal, Neff challenges a jury instruction and the admission of evidence. For the following reasons, we affirm.

Military Police Officer Timothy Garner and his partner, Zukiessa Johnson, were on duty and riding in their patrol car at Fort Bragg, North Carolina, when Neff pulled next to them at an intersection. Neff rolled down his window and motioned Johnson, who was sitting in the passenger seat of the patrol car, to do the same. After she did so, Neff asked about a road with which neither Garner nor Johnson were familiar.

After Neff rolled up his window and drove away, Garner and Johnson confirmed with one another that they had smelled alcohol and observed slurred speech. Garner then stopped Neff's vehicle and informed him that they were stopping him because his breath smelled of alcohol and his speech was slurred. Garner confirmed information about Neff's license and registration.

Garner then administered two filed sobriety tests. During the first test, Neff was required to walk heel to toe nine steps, turn around with short, choppy steps, and walk nine steps back. According to Garner, Neff's balance was "messed up" because Neff could not make heel to toe contact and had to step out of line. During the second test, Neff was required to tilt his head backward, extend his arms parallel to the

2

ground, close his eyes, and touch the tip of his index finger to the tip of his nose. Garner instructed Neff to perform the test five times each on the right side and the left side. Neff completely missed his nose. With Neff's consent, Garner administered an alcohol screening test called the "Alcosenser." Garner testified that he formed an opinion, based on his observations, the odor of alcohol, and Neff's performance on the field sobriety tests, that Neff was impaired.

Garner arrested Neff and escorted him to the Provost Marshall's office. Neff was read his rights and advised that a refusal to submit to a state certified breathalyser test using an "Intoxilizer 5000" would result in his license being suspended for one year. Neff refused to submit to the test. At Neff's trial, the district court charged the jury and the jury began deliberating. During deliberations, the jury asked the court "What determines impairment? [B]y law. Without a test?" Neff proposed that the court submit to the jury the third element of the driving while impaired instruction from the original jury charge. The Government requested that the remaining portion of the instruction that addressed a defendant's refusal to take a chemical test be included as well. Thus, the court submitted the following instruction to the jury in writing:

> Alcohol is an impairing substance. A person is under the influence of an impairing substance when he has taken or consumed a sufficient quantity of that impairing substance to cause him to lose the normal control of his bodily or mental faculties, or both, to such an extent that there is an appreciable impairment of either or both of his faculties.

> There is evidence in this case which tends to show that a chemical test known as a[n] intoxilizer was offered to the defendant by a law enforcement officer and that the defendant refused to take the test. You may consider this evidence together with all other evidence in determining whether the defendant was under the influence of an impairing substance at the time he allegedly drove a motor vehicle.

The jury found Neff guilty of driving while impaired. Neff timely appeals.

3

On appeal, Neff claims that the district court erred by repeating the relevant part of the original jury instruction in response to the jury's question and allowing the Government to introduce evidence that Neff had been given an alcohol screening test.

Neff first claims that the district court erred by responding to the jury's question regarding what determines impairment with its earlier instruction and not giving the jury any additional, affirmative guidance on how it could determine whether Neff was impaired in the absence of a chemical test. Because Neff did not object to the court's instruction at trial, we review the instruction only for plain error prejudicing substantial constitutional rights. See United States v. Olano, 507 U.S. 725, 731-32 (1993); United States v. Tipton, 90 F.3d 861, 895 (4th Cir. 1996), cert. denied, #6D6D 6D# U.S. ___, 65 U.S.L.W. 3798 (U.S. 1997) (No. 96-7639); Fed. R. Crim. P. 52(b)."[T]he necessity, extent, and character of any supplemental instructions to the jury are matters within the sound discretion of the district court." United States v. Horton, 921 F.2d 540, 546 (4th Cir. 1990). When a jury makes explicit its difficulties, a trial court should then clear them away with "concrete accuracy." Bollenbach v. United States, 326 U.S. 607, 613 (1946). "[I]n responding to a jury's request for clarification on a charge, the district court's duty is simply to respond to the jury's apparent source of confusion fairly and accurately without creating prejudice." United States v. Smith, 62 F.3d 641, 646 (4th Cir. 1995). However, "[t]he particular words chosen, like the decision whether to issue any clarification at all, are left to the sound discretion of the district court." Id.

In the present case, Neff does not claim that the original charge was defective or misleading, a problem which could not have been addressed by a mere repetition of that instruction. Further, Neff was not prejudiced by the reference to a defendant's refusal to submit to a chemical test because the relevant state law, N.C. Gen. Stat. § 20-139.1(f) (1997), allows the jury to consider such a refusal. We find that the court did not plainly error by responding to the jury's inquiry with a repetition of a portion of the original charge.

Neff next claims that the district court erred in denying his motion to preclude testimony concerning the administration of an alcohol screening test. This court reviews evidentiary rulings for an abuse of

4

discretion and such rulings are subject to harmless error review. <u>See</u> <u>United States v. Brooks</u>, 111 F.3d 365, 371 (4th Cir. 1997); Fed. R. Crim. P. 52(a). "[I]n order to find a district court's error harmless, we need only be able to say `with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.'" <u>United</u> <u>States v. Heater</u>, 63 F.3d 311, 325 (4th Cir. 1995) (citations omitted).

Prior to trial, Neff moved to preclude the Government from introducing the results of the alcohol screening test and to prevent any testimony that the test was administered by the officers who stopped him. At trial, Officer Garner was allowed to testify that he administered two field sobriety tests--the walk and turn test and the finger to nose test--and an alcohol screening test. He did not testify as to the numerical result of the screening test. Garner further stated that, based on Neff's performance on the field sobriety tests and his other observations, he thought Neff was impaired. The administration of the alcohol screening test was also mentioned by defense counsel during the cross-examination of Officer Johnson as well as in the Government's closing argument.

Although relevant state law limits the admissibility of the results of an alcohol screening test, the results of the alcohol screening test were not admitted into evidence in this case. <u>See</u> N.C. Gen. Stat. § 20-16.3(d) (1997). Even assuming that the district court erred by admitting evidence of the administration of the alcohol screening test, we find that the admission was harmless because the judgment was not "substantially swayed" by the alleged erroneous admission. <u>Brooks</u>, 111 F.3d at 371. Even without the admission of the testimony regarding the administration of the alcohol screening test, there was overwhelming evidence of Neff's impairment. Garner testified that Neff smelled of alcohol, had slurred speech, and had admitted to drinking "three Coronas and a Budweiser approximately an hour [earlier] in Raleigh." Garner described Neff's performance on two field sobriety tests and stated that he thought Neff's "balance was all messed up" on the walk and turn test and that Neff "completely missed" his nose several times on the finger to nose test. On cross examination, Garner testified that when he asked Neff whether he had been drinking that night, Neff responded, "Do you want me to lie or do you want me to tell you the truth?" Lastly, after Neff was read his

5

rights, Garner witnessed Neff refuse to submit to a state certified breathalyser test. Officer Johnson corroborated Garner's testimony. Thus, Officers Garner and Johnson, whom Neff cross-examined, provided ample evidence upon which a jury could conclude that Neff was impaired without being substantially swayed by the admission of the challenged testimony. Id.

Accordingly, we affirm Neff's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6